UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | |
|---|---|
| TODD A. SAPP, | ) |
| | ) |
|    Petitioner, | ) |
| | ) |
| v. | )    No. 0:20-cv-02-JMH-MAS |
| | ) |
| KEITH HELTON, Warden, | ) |
| | ) |
|    Respondent. | ) |

### REPORT AND RECOMMENDATION

On January 15, 2020, Petitioner, Todd A. Sapp, filed a *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. [DE 1]. The Court completed an initial review of the petition and determined Sapp filed what appeared to be a facially untimely § 2254 petition. [DE 4]. Namely, there was a 16-year gap between Sapp's conviction and the filing of the petition. [*Id.* at Page ID # 31]. The Court offered Sapp the opportunity to show cause as to why his petition should not be dismissed. [*Id.* at Page ID # 33]. Sapp failed to do so in a timely manner.

Thus, the Court **RECOMMENDS** this matter be **DISMISSED WITH PREJUDICE** on account of it being time-barred [DE 1] and **DENY** a Certificate of Appealability.[1]

---

[1] No Certificate of Appealability should issue because the timeliness result is not on this record fairly debatable. *See Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000) (requiring a petitioner to demonstrate, when a court dismisses on procedural grounds, that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").

1

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Entered this the 16th day of April, 2020.



Signed By:
Matthew A. Stinnett
United States Magistrate Judge